UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JOE LEE DIXON, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 4:17 CV 962 DDN |
| ) | |
| TROY STEELE, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM OPINION

This matter is before the Court upon the petition of Missouri state prisoner Joe Lee Dixon for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Both parties have consented to the exercise of plenary authority by a Magistrate Judge under 28 U.S.C. § 636(c). For the reasons set forth below, the petition for a writ of habeas corpus is denied.

## BACKGROUND

On September 26, 2001, petitioner was convicted of murder in the first degree and armed criminal action in the Circuit Court of the City of St. Louis. (Doc. 12, Ex. 1 at 3.) Petitioner was seventeen when the offenses were committed. (Doc. 12, Ex. 1 and 2.) He was sentenced to life in prison without parole and to a consecutive term of life imprisonment. (Doc. 12, Ex. 1.) The Missouri Court of Appeals affirmed his convictions and sentences. *State of Missouri v. Dixon*, 90 S.W.3d 545 (Mo. Ct. App. 2002) (unfiled memorandum opinion provided informally to the parties).

In 2012, the United States Supreme Court decided *Miller v. Alabama*, 567 U.S. 460 (2012). In *Miller*, the Court held that the Eighth Amendment forbids a sentencing scheme that mandates life in prison without the possibility of parole for juvenile offenders. *Id*. at 470-80. Later, the Supreme Court held that the principle announced in

*Miller* is to be applied retroactively. *Montgomery v. Louisiana*, 136 S. Ct. 718 (2016). Following *Miller* and *Montgomery*, the Missouri General Assembly changed Missouri law to allow juvenile offenders serving life without parole sentences to be eligible for parole after twenty-five years confinement. Mo. Rev. Stat. § 558.047.1(1) (2016) (SB 590).

On May 8, 2016, petitioner filed a petition for a writ of habeas corpus in the Missouri Supreme Court. (Doc. 12, Ex. 2.) On July 19, 2016, the Court denied the petition, because under SB 590 petitioner would be eligible for parole consideration. (Doc. 12, Ex. 2.)

## PETITIONER'S GROUND FOR FEDERAL HABEAS RELIEF

Petitioner alleges one ground for federal habeas relief, which he filed *pro se* in this Court (Doc. 1) and which he had raised through counsel when he sought Missouri habeas corpus relief in the Missouri Supreme Court (Doc. 12-1):

> The Missouri Supreme Court's July 19, 2016 Order (denying his state *habeas* petition due to Missouri Senate Bill 590) unreasonably applied clearly established federal law by failing to apply the holding in *Montgomery v. Louisiana* by ordering that petitioner be individually resentenced by the Missouri Circuit Court according to the procedure set out in *State of Missouri v. Hart*, 404 S.W.3d 232 (Mo. banc 2013).

## STANDARD OF REVIEW

Under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), habeas relief can be granted by a federal court on a claim that has been decided on the merits by a state court only when that adjudication:

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1)-(2).

A state court's decision is contrary to clearly established federal law if it "arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or . . . decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." *Thaler v. Haynes*, 559 U.S. 43, 47 (2010). This standard is difficult to meet, because *habeas corpus* "is a guard against extreme malfunctions in the state criminal justice systems, not a substitute for ordinary error correction through appeal." *Harrington v. Richter*, 562 U.S. 86, 101 (2011).

## DISCUSSION

Petitioner's sole ground for relief is based upon a retroactive application of constitutional law that was decided by the United States Supreme Court in *Miller v. Alabama* and *Montgomery v. Louisiana*: a mandatory sentence of life imprisonment without the possibility of parole violates the Eighth Amendment of the United States Constitution when the offender was a juvenile at the time of the offense. *See Miller v. Alabama*, 567 U.S. at 479; *Montgomery v. Louisiana*, 136 S. Ct. at 725 ("In *Miller* . . . the Court held that a juvenile convicted of a homicide offense could not be sentenced to life in prison without parole absent consideration of the juvenile's special circumstances in light of the principles and purposes of juvenile sentencing."). As a remedy, petitioner seeks resentencing by a jury in the Circuit Court, following procedures set forth by the Missouri Supreme Court in *State of Missouri v. Hart*, 404 S.W.3d at 241-42.

The issue before this Court is whether the Missouri state legislature's enactment of Senate Bill 590 in 2016 added *Miller/Montgomery*-compliant procedures to Missouri state law and constitutionally addressed petitioner's entitlement to relief. The Court has carefully considered the record and for the following reasons concludes that petitioner's ground for relief is without merit.

Petitioner argues that SB 590 unreasonably applied the United States Supreme Court's rulings in *Miller* and *Montgomery* by not providing him an opportunity to be

resentenced by a jury. The retroactive application of *Miller* requires states to re-examine mandatory life-without-parole sentences in the cases of juvenile offenders. *Montgomery v. Louisiana,* 136 S. Ct. at 736. In *Montgomery*, the Supreme Court expressly held that states were not required "to relitigate sentences, let alone convictions." *Id.* Instead, the Supreme Court held that "[a] State may remedy a *Miller* violation by permitting juvenile homicide offenders to be considered for parole, rather than by resentencing them." *Id.* ("Allowing those offenders to be considered for parole ensures that juveniles whose crimes reflected only transient immaturity--and who have since matured--will not be forced to serve a disproportionate sentence in violation of the Eighth Amendment.").

SB 590 provides:

> Any person sentenced to a term of imprisonment for life without eligibility for parole before August 28, 2016, who was under eighteen years of age at the time of the commission of the offense or offenses, may submit to the parole board a petition for a review of his or her sentence, regardless of whether the case is final for purposes of appeal, after serving twenty-five years of incarceration on the sentence of life without parole.

Mo. Rev. Stat. § 558.047.1(1) (eff. July 13, 2016). A sentence that prevents an offender from having "some realistic opportunity to obtain release before the end of [the term of confinement]" violates the Eighth Amendment and the holdings of *Miller* and *Montgomery*. *Willbanks v. Missouri Department of Corrections*, 522 S.W.3d 238, 242 (Mo. 2017) (en banc) (quoting *Graham v. Florida*, 560 U.S. 48, 82 (2010)).

Petitioner Dixon's conviction for first-degree murder, his juvenile status at the time of the offense, and his mandatory sentence of life without the possibility of parole are undisputed. SB 590, adopted in 2016, after the Missouri Supreme Court's decision in *Hart*, granted petitioner parole eligibility after serving twenty-five years of his life sentence, but not individual judicial or jury resentencing.

In 2016, petitioner filed a petition for a writ of habeas corpus with the Supreme Court of Missouri, alleging the same ground alleged here. (Doc. 12-1.) The Missouri Supreme Court's ruling denying the petition was based on an available remedy that was explicitly authorized by the Supreme Court in *Montgomery*, *e.g.,* meaningful

consideration for parole. In *Virginia v. Leblanc*, 137 S. Ct. 1726 (2017), the Supreme Court held it was not objectively unreasonable under the AEDPA for Virginia courts to conclude that the state had remedied unconstitutional mandatory juvenile life without parole sentences by making offenders eligible for parole according to the state's normal parole procedures after the offenders reached the age of sixty. *See* 137 S. Ct. at 1728-29. (ruling "the Parole Board [could] order a former juvenile offender's conditional release in light of his or her demonstrated maturity and rehabilitation." (internal quotation marks and citation omitted)).

The Missouri Supreme Court found that petitioner's life without the possibility of parole sentence was remedied when the Missouri legislature in SB 590 made him eligible for parole consideration. That court's ruling reasonably applied the rulings of the United States Supreme Court, because parole eligibility provides petitioner with a meaningful opportunity for release. *Sadler v. Pash*, 2018 WL 999979 at *3 (E. D. Mo. 2018); *Hack v. Cassady,* 2019 WL 320586 at *6 (W. D. Mo. 2019.)

The decision of the Missouri Supreme Court in petitioner Dixon's case was not an unreasonable application of federal law. Any constitutional injury suffered by petitioner by reason of his original mandatory sentence has been remedied by SB 590. For this reason, petitioner's ground for relief, that he is entitled to being resentenced, is without merit.

## **CONCLUSION**

For the reasons set forth above, the petition of Joe Lee Dixon for a writ of habeas corpus is denied. Petitioner made no substantial showing that he was deprived of a constitutional right. Therefore, a certificate of appealability is denied. 28 U.S.C. § 2253(c)(2); *Hack v. Cassady*, 2019 WL 320586 at *8. An appropriate Judgment Order is issued herewith.

/s/ David D. Noce
**UNITED STATES MAGISTRATE JUDGE**

Signed on February 12, 2020.